**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRIAN SAND,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　　　-v-<br><br>SCOPIA CAPITAL MANAGEMENT LP,<br>SCOPIA MANAGEMENT, INC.,<br>SCOPIA CAPITAL GP LLC,<br>MATTHEW SIROVICH,<br>JEREMY MINDICH,<br>SCOPIA WINDMILL FUND LP,<br>SCOPIA INTERNATIONAL MASTER FUND LP,<br>SCOPIA PX LLC,<br>SCOPIA PX INTERNATIONAL MASTER FUND LP,<br>SCOPIA PARTNERS LLC,<br>SCOPIA LB LLC,<br>SCOPIA LB INTERNATIONAL MASTER FUND LP,<br>SCOPIA LONG LLC,<br>SCOPIA LONG INTERNATIONAL MASTER FUND LP,<br>SCOPIA LONG QP LLC, and<br>SMA (a separately managed account of Defendant Scopia<br>Capital Management LP),<br><br>　　　　　　　　Defendants,<br><br>and<br><br>SPIRIT AEROSYSTEMS HOLDINGS, INC.,<br><br>　　　　　　　　Nominal Defendant. | Civil Action No.<br><br>(*Jury Trial Demanded*)<br><br><br>**COMPLAINT** |

　　　Plaintiff Brian Sand, by his undersigned attorneys, alleges, based upon knowledge with respect to the facts relating to him and upon information and belief with respect to all other allegations, as follows:

**INTRODUCTION**

1.      This is an action brought pursuant to Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p ("§16(b)" or "Section 16(b)") in order to recover short-swing insider trading profits realized by statutory insiders of Spirit AeroSystems Holdings, Inc. ("Spirit" or the "Company").  This action is not punitive in nature and instead only seeks to disgorge profits earned from the subject trading.  The defendants (other than Spirit) are members of a group that owned 10% or more of the outstanding common stock of Spirit, making them statutory insiders within the meaning of Section 16(b).  As statutory insiders who are presumed to have had access at all relevant times to material non-public information concerning Spirit's operations and future business prospects, they are required by Section 16(b) to disgorge any profits they earn through short-swing insider trading (i.e., purchases and sales within a six month period).

**PARTIES**

2.      Plaintiff Brian Sand is an owner of common stock of the Company.

3.      Defendant Scopia Capital Management LP ("Scopia Capital") is a Delaware limited partnership with its principal place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009.  Scopia Capital serves as the investment manager both to the Defendant "Scopia Funds", as hereinafter defined, and to a separately managed account (the "SMA").

4.      Defendant Scopia Management, Inc. ("Scopia Management") is a New York corporation with its principal place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009. Scopia Management is the general partner of Defendant Scopia Capital.

5.      Defendant Scopia Capital GP LLC ("Scopia GP") is a Delaware limited liability company with its principal place of business at 152 West 57th Street, 33rd Floor, New York,

New York 10009. Scopia GP is the managing member or general partner of each of the Scopia Funds, as hereinafter defined.

6.      Each of Defendants Matthew Sirovich ("Sirovich") and Jeremy Mindich ("Mindich") is a Managing Director of Defendant Scopia Management and Managing Member of Defendant Scopia GP.  They maintain an office at 152 West 57th Street, 33rd Floor, New York, New York 10009. A chart showing the organizational and investment control structure of the Defendants is annexed to this Complaint as Exhibit A.  Sirovich and Mindich have direct and/or indirect beneficial ownership of all securities held by the Scopia Funds and the SMA.

7.      Defendants Scopia Long LLC, Scopia Windmill Fund LP, Scopia LB LLC, Scopia International Master Fund LP, Scopia PX LLC, Scopia PX International Master Fund LP, Scopia Partners LLC, Scopia LB International Master Fund LP, Scopia Long International Master Fund LP and Scopia Long QP LLC are funds or investment vehicles (collectively, the "Scopia Funds"), which are structured as either Bermuda limited partnerships or Delaware limited liability companies. The Scopia Funds all maintain offices at 152 West 57th Street, 33rd Floor, New York, New York 10009.

8.      Defendant SMA is a separately managed account of Defendant Scopia Capital and has a place of business at 152 West 57th Street, 33rd Floor, New York, New York 10009.

9.      Nominal Defendant Spirit is a Delaware corporation with its principal place of business at 3801 South Oliver, Wichita, Kansas 67210.

## JURISDICTION AND VENUE

10.     Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78(a)(a) in that Defendants maintain offices or are otherwise found in this District, and certain of the acts underlying this action occurred in this District.

3

**Section16(b) Group Activity**

11.     Defendants Scopia Capital, Scopia Management, Scopia GP, Sirovich, Mindich, the Scopia Funds and the SMA (collectively, the "Scopia Group"), directly or indirectly, acted together at all relevant times as a group with respect to acquiring, holding, voting and/or disposing of Spirit equity securities (the "Shares").  This concerted action was facilitated through, among other things, the interrelated nature and structure of the Scopia Group. Specifically, Scopia Capital is the investment adviser to the Scopia Funds and SMA.  Sirovich and Mindich are the sole managing members of Scopia Capital's general partner.  Further, various SEC filings were made collectively on behalf of the Scopia Group members and signed by Sirovich and Mindich individually and as Managing Members of Scopia Management, the general partner of Scopia Capital, and as Managing Members of Scopia GP, the general partner or managing member of the Scopia Funds.

12.     In addition, all purchases and sales of the Shares for each of the Scopia Group members were directed by Sirovich and Mindich because Sirovich and Mindich are the sole decision makers for all investments of the Scopia Group.  Finally, all of the members of the Scopia Group maintain the same office space and share the same employees and all of the Scopia Group Defendants, other than Sirovich, Mindich and the SMA, bear the Scopia name.

13.     These facts permit the reasonable inference that the Scopia Group formed an agreement to act together at all relevant times with respect to the acquisition, holding, voting and/or disposition of the Shares pursuant to Section 13(d) of the Exchange Act.  Section 13(d) governs the determination of beneficial ownership for purposes of determining whether a person or entity is a more than 10% "beneficial owner" under Section 16(b) pursuant to Rule 16a-1(a)(1) promulgated by the SEC.  Further, for purposes of determining beneficial ownership for

the applicability of Section 16(b), each member of the group is deemed to be the beneficial owner of the stock held by other members of the group.

14.      On a Schedule 13G/A filed on February 17, 2015, the Scopia Group disclosed owning more than 10% of outstanding Spirit common stock as of December 31, 2014.  On February 16, 2016, the Scopia Group filed another Schedule 13G/A also disclosing greater than 10% ownership of outstanding Spirit common stock as of December 31, 2015.  The Scopia Group continued to be subject to Section 16(b) throughout the relevant time period.

**The Scopia Group Purchases and Sells Spirit Common Stock**

15.      According to a form 13F filed with the SEC, as of June 30, 2015, the Scopia Group beneficially owned a total of 17,087,468 Shares of Spirit common stock.  According to a form 13F filed with the SEC, as of September 30, 2015, the Scopia Group beneficially owned a total of 14,906,259 Shares of Spirit common stock.  Therefore, the Scopia Group sold at least 2,181,209 Shares of Spirit common stock while a greater than 10% beneficial owner between June 30, 2015 and September 30, 2015.

16.      According to a form 13F filed with the SEC, as of December 31, 2015, the Scopia Group beneficially owned a total of 16,322,026 Shares of Spirit common stock.  Therefore, the Scopia Group purchased at least 1,415,767 Shares of Spirit common stock while a greater than 10% beneficial owner between September 30, 2015 and December 31, 2015.

17.      Finally, according to a form 13F filed with the SEC, as of March 31, 2016, the Scopia Group beneficially owned a total of 14,110,902 Shares of Spirit common stock. Therefore, the Scopia Group sold at least 2,211,124 Shares of Spirit common stock while a greater than 10% beneficial owner between December 31, 2015 and March 31, 2016.

18.     The Scopia Group's violation of its reporting requirements under Section 16(a) of the Exchange Act makes the exact number of Shares purchased and sold, and the prices per Share realized, during the relevant period unknown.  However, based on the Share price of Spirit common stock during the aforementioned periods, it is believed that the Scopia Group garnered short-swing profits greater than $10 million.

## BASIS FOR INFORMATION AND BELIEF

19.     Plaintiff's information and belief is based on, among other things, (a) Schedules 13G/A filed by members of the Scopia Group on February 17, 2015 and February 16, 2016; and (b) Forms 13F filed by members of the Scopia Group on August 14, 2015, November 16, 2015, February 16, 2016, and May 16, 2016.

## ALLEGATIONS AS TO DEMAND

20.     On June 22, 2017, demand for prosecution was made on the Board of Directors of Spirit based on the facts alleged above (the "Demand").  In response, counsel for the members of the Scopia Group and counsel for the Company requested that counsel for Plaintiff enter into a tolling agreement (the "Tolling Agreement") to allow the Company an opportunity to investigate the claims alleged and determine if the claims could be resolved without the need for litigation. The parties executed the Tolling Agreement, which tolled the statute of limitations on Plaintiff's claims herein from August 11, 2017 through November 20, 2017.  Prior to the expiration of the Tolling Agreement, the parties then extended the Tolling Agreement to run through March 8, 2018.  On February 23, 2018, Plaintiff exercised his right to terminate the Tolling Agreement early by providing notice of such termination to counsel for Defendants.  Thus, the Tolling Agreement has expired.  More than sixty days have passed from the date of the Demand and the Company has failed to recover the profits alleged herein or institute suit to recover those profits.

**CLAIM FOR RELIEF**

21.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 20, *supra,* as if fully set forth herein.

22.     As particularized in paragraphs 11 - 20, *supra,* the Scopia Group engaged in securities transactions which yielded short swing profits that are subject to disgorgement to the Company.

23.     Each of the defendants has a pecuniary interest in the short-swing profits realized by the Scopia Group and is liable to disgorge those profits to the Company the extent of its respective pecuniary interests therein.

24.     Plaintiff is unable to precisely ascertain the amount of the disgorgeable profits, but upon information and belief, these profits are approximately $10 million or greater.

WHEREFORE, Plaintiff demands judgment on behalf of Spirit AeroSystems Holdings, Inc. against the Defendants, as described above, plus attorneys' fees, interest and such other and further relief as to the Court may seem just and proper.

New York, New York

DATED: February 26, 2018                    **ABRAHAM, FRUCHTER & TWERSKY LLP**


/s/ Jack G. Fruchter_____
JACK G. FRUCHTER
CASSANDRA L. PORSCH
One Pennsylvania Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

Attorneys for Plaintiff

# EXHIBIT A

## The Scopia Group

